IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KIMBERLY NEAL BEPPLE,**<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>**DR. STEVE SHELTON**, *et al.*,<br><br>　　　　Defendants. | Case No. 3:15-cv-727-SI<br><br>**ORDER** |

Leonard Randolph Berman, LAW OFFICE OF LEONARD R. BERMAN, 4711 SW Huber Street, Suite E-3, Portland, OR 97219. Of Attorneys for Plaintiffs.

Ellen F. Rosenblum, Attorney General; Michael R. Washington, Senior Assistant Attorney General; Jessica B. Spooner, Assistant Attorney General; OREGON DEPARTMENT OF JUSTICE, TRIAL DIVISION, 1162 Court Street NE, Salem, OR 97301. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

　　　　Plaintiff Kimberly Neal Bepple ("Bepple") was an inmate at the Coffee Creek Correctional Facility ("CCCF"), a state prison for women in Oregon. The following claims remain: (1) Bepple's civil rights claim under 42 U.S.C. § 1983 against Defendants Dr. Robert Snider and Dr. Steve Shelton; (2) Bepple's state tort claim for medical negligence against Defendants Dr. Snider, Dr. Shelton, Dr. Elizabeth Sazie, James Coulter, and Han Vu; and (3) Bepple's state tort claim for sexual battery against Dr. Snider. The jury trial on these claims

PAGE 1 – ORDER

is scheduled to begin on March 6, 2017. Pending before the Court are: (1) Defendants' Second Motion for Partial Summary Judgment (ECF 79); and Plaintiff's Motion to Add Witnesses (ECF 90). For the reasons stated below, both motions are GRANTED.

## BACKGROUND

The following facts are presented in the light most favorable to Bepple. On April 24, 2013, Bepple was admitted as an inmate at CCCF. On May 1, 2013, Dr. Snider performed gynecological exams on Bepple at CCCF. That facility requires gynecological exams for all female inmates. Bepple had undergone routine exams in the past, both in and out of custody, without incident. Dr. Snider's examination, however, deviated from what Bepple had previously experienced. Coulter, a medical assistant, attended Bepple's exam. During Dr. Snider's examination, a curtain was drawn, shielding Bepple from view of the attending medical assistant. Dr. Snider inserted a speculum into Bepple's vagina and manipulated it "in a non-therapeutic and highly irregular and offensive manner." ECF 1 ¶ 8. Dr. Snider told Bepple that her cervix was playing "hide and seek." *Id.* ¶¶ 19, 21-22.

After the examination, Bepple called friends and family to state that Dr. Snider had "sexually assaulted" her. ECF 8 at ¶ 7. Bepple alleges that Dr. Snider acted for his own sexual gratification rather than any medical reason. According to Bepple, Defendants unlawfully failed to require visible attendants during gynecological exams, report Dr. Snider's conduct to an outside agency, and hire, train, and supervise medical staff in how to properly treat female inmates to prevent sexual assault. According to Bepple's counsel, there are at least seven other women who previously were sexually assaulted by Dr. Snider while they were inmates at CCCF.

On October 19, 2015, Defendants filed an amended motion for partial summary judgment. ECF 19. Plaintiff opposed that motion (ECF 23), and the Court heard oral argument. ECF 26. On February 17, 2016, the Court issued its written Opinion and Order, granting in part

PAGE 2 – ORDER

and denying in part Defendants' motion. ECF 27. Among other things, the Court dismissed Plaintiff Bepple's claims against all individual Defendants in their official capacities, Plaintiff Bepple's claims under 42 U.S.C. § 1985, and Plaintiff Bepple's claim under 42 U.S.C. § 1983 against Defendant Dr. Sazie. ECF 27 at 19. The Court denied Defendants' motion and allowed to proceed to trial: (1) Plaintiff Bepple's claim under 42 U.S.C. § 1983 against Defendants Dr. Snider and Dr. Shelton; (2) Plaintiff Bepple's state tort claim for medical negligence against Defendants Dr. Snider, Dr. Shelton, Dr. Sazie, Mr. Coulter, and Mr. Vu.; and (3) Plaintiff Bepple's state tort claim for sexual battery against Dr. Snider. *Id.*

## DISCUSSION

### A. Defendants' Second Motion for Partial Summary Judgment

Defendants move for an order under Rule 56 of the Federal Rules of Civil Procedure[1] granting the following relief (1) substituting the State of Oregon for the individually-named defendants on Plaintiff's two common law claims (medical negligence and sexual battery), pursuant to the Oregon Tort Claims Act ("OTCA"), Or. Rev. Stat. § 30.265; (2) dismissing Defendant Han Vu "[t]o the extent that Defendant Vu remains individually-named as to the medical negligence claim"; and (3) dismissing Defendant Dr. Elizabeth Sazie "[t]o the extent that Defendant Sazie remains individually-named as to the medical negligence claim." ECF 79 at 5. Plaintiff concedes part (1) of Defendants' motion. ECF 98 at 2. Accordingly, the State of Oregon is substituted for all individually-named defendants in Plaintiffs' two common law claims, alleging medical negligence and sexual battery. This also renders moot parts (2) and (3) of Defendants' motion.

---

[1] Defendant invokes Rule 47 B of the Oregon Rules of Civil Procedure. The Oregon Rules of Civil Procedure, however, have no application in this federal lawsuit.

PAGE 3 – ORDER

Plaintiff, however, argues that Dr. Sazie should be included as a named-Defendant in Plaintiff's claim under 42 U.S.C. § 1883. The Court has already granted summary judgment in favor of Defendant Sazie on that claim (ECF 27 at 19), and there is no motion to reconsider properly before the Court at this time.

## B.  Plaintiff's Motion to Add Witnesses

Although discovery has closed, Plaintiff seeks to add the following four witnesses to its case-in-chief: Misty Anderson, Ashley Matsumoto, Misty Wolf, and Teresa Torres. Defendants object, arguing that, among other things, they will be unfairly prejudiced unless they can take the depositions of these witnesses and produce additional documents relating to these witnesses. Plaintiff has no objection to the additional discovery that Defendants seek. Accordingly, Plaintiff may add these additional four witnesses, and Defendants may depose these witnesses and supplement its document production with related documents as appropriate.

## CONCLUSION

Defendants' Second Motion for Partial Summary Judgment (ECF 79) and Plaintiff's Motion to Add Witnesses (ECF 90) are GRANTED.

**IT IS SO ORDERED**.

DATED this 13th day of January, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge